# Dewhurst *versus* City of Allegheny.

1. An entire Act of Assembly is not necessarily unconstitutional because the title fails to give notice of some particular matter contained therein. The rule has been to sustain that portion of which the title gives notice.

2. One who promotes an improvement made under a special Act of Assembly by a municipality—petitions for the same and is active in setting the machinery in operation by which the work is done—is estopped from denying the constitutionality of the act.

3. The Act of May 10th 1871, providing for the improvement of Troy Hill Road in the city of Allegheny, is constitutional so far as citizens of said city are concerned, although that portion of said act which related to Reserve township had previously been declared unconstitutional by this court.

5. The lien filed for the assessments for said improvement is valid although not filed until more than six months after the completion of the work, the time prescribed by said act within which they must be filed.

6. The report of the viewers appointed to assess the benefits is conclusive under said act, when approved by the city councils, and cannot be traversed in a trial of an action to recover the assessments.

95 437
129 344
95 437
142 215
95 437
156 528
95 437
160 417
95 437
165 476
95 437
26 SC 5464
95 437
28 SC 2474
95 437
f 35 SC 1248
36 SC 3385

[Dewhurst *v.* City of Allegheny.]

October 14th 1880.  Before SHARSWOOD, C. J., MERCUR, GOR
DON, PAXSON and TRUNKEY, JJ.  STERRETT and GREEN, JJ.
absent.

Error to the Court of Common Pleas, No. 2, of *Allegheny*
*county:* Of October and November Term 1880, No. 7.

Scire facias sur municipal lien by the city of Allegheny against
Richard Dewhurst for grading and paving Troy Road from Vin-
ial street to Gardner street, in said city.

Troy Hill Road was improved under the Act of May 10th 1871,
and a supplement thereto of April 1st 1872.  In accordance with
said acts, on the 27th of November 1872, the councils of the city
of Allegheny passed an ordinance providing for the grading and
improvement of said road.  Some time thereafter the contract
was let, and the improvement was finished in November 1875.  The
above acts provided for an assessment on all property benefited by
said improvement in the city of Allegheny and Reserve township.
That portion of the act authorizing the assessments in Reserve
township was declared unconstitutional by this court in Beckert *v.*
City of Allegheny, 4 Norris 191.  Dewhurst was an active pro-
moter of the improvement, and signed. petitions for it and remon-
strances against a change of grade.  The Acts of Assembly pro-
vided for the appointment of viewers, who should say what property
was benefited and make report to councils, which report, when con-
firmed by councils, should be conclusive.  No objection was made
by any person to the report of the viewers, and it was confirmed.
Dewhurst failed to pay his assessment, and the city filed its lien
against him on May 2d 1879.

At the trial, before White, A. L. J., the defendant made the
following offer:

"To prove by witness on the stand that the district or property
assessed is largely composed of large plats of ground used for
gardening, pasturage, &c., and not divided into building lots, or
assessable as such, and that the assessments are not uniform, as
required by the general laws of Allegheny city in such cases, and
not in proportion to the benefits conferred, and in this case the
assessment is in excess of the benefits conferred upon defendant's
lot, and, if compelled to pay this assessment, the same would be
unjust and unequal, and not uniform, as required by said general
law, a large portion of defendant's lots being located upon other
streets, for the improvement of which it has been and was liable to
be assessed, and has been paid for by defendant; and further, that
the improvement for which this assessment has been made is gen-
eral in its nature and character, while the assessment for the pay-
ment thereof is local."

Objected to as immaterial and irrelevant generally, and specially
because the viewers' report having been made and confirmed, the
same is conclusive upon defendant.

[Dewhurst *v.* City of Allegheny.]

PER CURIAM.—" This improvement was made under a special Act of Assembly, providing for assessments according to benefits, and it expressly provides that when the report of viewers is approved by councils, it shall be final and conclusive, without exception or appeal. All the matters (except perhaps, the last), mentioned in the offer, were proper subjects to be considered by the viewers, and it must be presumed they passed upon them. We cannot grant an appeal or try the same question by a jury in the face of this act. The last portion of the offer, that the improvement was general in its character, is evident from the character of the Acts of 1871 and 1872, and for that reason those special acts were passed. But we do not think it is ' general' in the sense of the decision in Valentine's Appeal, 4 Norris 163."

Objections overruled.

The first and second points of the plaintiff which the court affirmed, were as follows :

1. That if the jury believe the evidence, that the defendant knew the location of the water pipes where they crossed the Troy Hill road, and petitioned for a grade of seven feet to the one hundred which would cut said pipes ; while the other proposed grade of eight feet to the one hundred would have cleared said pipes, he cannot complain of the water department, in not lowering the same, if the officers of the department acted in good faith in not lowering them, intending to do so at as early a date as the same could be effected with safety to the water supply of the city.

2. That if they believe from the evidence, and it is uncontradicted, that the defendant favored the improvement ; that he petitioned for the improvement of the street under the special acts, that he remonstrated against an eight foot grade, and asked for a seven foot grade, and stated in said remonstrance that he would be expected to pay his quota towards the cost thereof ; that said seven foot grade largely increased the cost, making necessary, according to Mr. Davis, about two-thirds more walls than otherwise required ; that he was on the street frequently during its progress and never objected to the city officers having charge of the work, or contractors ; that he talked to Mr. Megraw, the contractor for the walls, whilst the Prospect and Return street walls were being built, and expressed his satisfaction with the improvement, then he is estopped from claiming here that the act is unconstitutional.

The defendant's points with the answers of the court were as follows :

1. That the Act of Assembly, approved May 10th 1871, entitled " An Act relative to grading, paving curbing, and otherwise improving Troy Hill road, in the city of Allegheny, and supplement thereto, approved April 1st 1872," are unconstitutional and the assessments thereunder null and void.

Ans. " Refused."

[Dewhurst *v.* City of Allegheny.]

2. It appearing from the lien as filed that the work of improving this road was completed on November 25th 1875, and this lien not having been filed until May 2d 1879, there can be no recovery in this case, and the verdict must be for the defendant.

Ans. " Refused."

3. It appearing that the report of the board of viewers was approved or confirmed by the councils, November 29th 1875, and that no copy thereof together with a map of the improvement was filed (as required by the Act of Assembly) in the prothonotary's office of Allegheny county until after the scire facias was issued (or until September 30th 1879), there can be no recovery in this case.

Ans. "Refused."

4. If the jury believe from the testimony that the walls on the upper or north side of the street or road—the fences thereon—and the steps at the head of Kilkenbeck street, or any portion of said walls, fences or steps were not a necessary part of the improvement of Troy Hill road, the assessment in this case must be reduced a proportionate amount.

Ans. " Affirmed, with this qualification, that if the city engineers and other officers of the city having charge and superintendence of the work acted in good faith, believing that the said walls were necessary for the protection of Troy Hill road, and that the fences and steps were necessary for the convenience and protection of persons travelling on that road, and the same were erected as necessary in their opinion to the proper improvement of the road, that would be sufficient, and the exercise of their sound discretion in the matter cannot be inquired into now."

5. If the jury believe from the testimony that the Troy Hill road, between the termini named in the Act of Assembly, has not been improved to the width of forty feet, there can be no recovery in this case, and the verdict must be for the defendant.

Ans. " Affirmed, except as to the place where the water pipes cross the road."

6. If the jury believe from the testimony that a portion of Troy Hill road, between the termini named in the Act of Assembly, has been improved to the width of only twenty feet or thereabouts, there can be no recovery in this case, and the verdict must be for the defendant.

Ans. " Affirmed, except as to the place where the water pipes cross the road."

Verdict for plaintiff for $1815.45, when defendant took this writ and alleged that the court erred in the rejection of the above offer of evidence and in the answers to the foregoing points.

*Kennedy & Doty*, for plaintiff in error.—It is not contended, that because one portion of an Act of Assembly is unconstitutional it necessarily follows that the whole act is void.  But when as in

[Dewhurst v. City of Allegheny.]

this case the unconstitutionality arises from a failure to express, in its title, the purposes of the enactment, and the unconstitutional provisions are so connected with the others that it cannot be presumed the legislature would have passed one without all, then the whole statute must fail : Beckert v. City of Allegheny, 4 Norris 191; Cooley's Const. Lim., p. 177 et seq., notes and cases there cited ; Sedgwick on the Construction of Statutory and Constitutional Law, p. 414 et seq., notes and cases there cited.    Slauson v. City of Racine, 13 Wis. 398; State ex. rel. v. Dousman, 28 Id. 541 :   State v. Perry County, 5 Ohio N. S. 497 ;   Quinlon v. Rogers, 12 Mich. 168 ;  Campau v. Detroit, 14 Id. 276 ;  Reed v. Omnibus Railroad Co., 33 Cal. 212.

*W. B. Rodgers* for defendant in error.—There does not appear to be any Pennsylvania case in which the whole of a statute was held unconstitutional, because the title did not give notice of the subject-matter of the entire statute.    The rule has been to sustain the portion of which the title gave notice : Wynkoop v. Cooch, 8 Norris 450 ;  Lea v. Baum, 2 Id. 237 ;  Allegheny County Home's Appeal, 27 P. F. Smith 78 ; Dorsey's Appeal, 22 Id. 194 ; Mauch Chunk v. McGee, 3 W. N. C. 32.

If, when the unconstitutional portion is stricken out, that which remains is complete in itself, or capable of being executed in accordance with the apparent legislative intent, wholly independent of that which it rejected, it must be sustained : Cooley on Const. Lim., p. 178.

A statute, which is entitled as relating to " streets," cannot embrace a power to lay out parks, but such power being severable from the body of the act, will not vitiate the entire law : Township of Union v. Roeder, 39 N. J. L. 509.

Dewhurst having petitioned for and promoted the improvement is estopped : Bidwell v. City of Pittsburgh, 4 Norris 416.

Mr. Justice PAXSON delivered the opinion of the court, October 25th 1880.

The defendant below objects to paying the assessment upon his property for the grading and paving of Troy Hill Road, in the city of Allegheny, for various reasons, the first of which is, that the Act of Assembly of May 10th 1871, authorizing the same, and the supplement thereto approved April 1st 1872, are unconstitutional, and the assessments thereunder null and void.    In Beckert v. The City of Allegheny, 4 Norris 191, so much of said act was declared to be unconstitutional as provided for the assessment of a part of the cost of the work upon property in Reserve township, which said township is located wholly in Allegheny county and outside the city limits.    The title of said act was " an act relative to grading, paving, curbing and otherwise improving Troy Hill

[Dewhurst *v.* City of Allegheny.]

Road in the city of Allegheny," and this was held not to be notice to property owners in Reserve township that their property was to be assessed for the cost of the improvement. There was nothing in that case, however, to throw the slightest doubt upon the constitutionality of any part of the act except in so far as it related to Reserve township. It is no injury to the defendant that property owners in the township have escaped. Their burdens have not been thrown upon his property, but have been very properly assumed by the city of Allegheny. His benefits are the same whether Reserve township pays or not; his burden is only increased by his share of general taxation and of this he has no cause to complain: Bidwell *v.* City of Pittsburgh, 4 Norris 491. An entire act is not necessarily unconstitutional because the title fails to give notice of some particular matter contained therein. The rule has been to sustain the portion of which the title gives notice: Dorsey's Appeal, 22 P. F. Smith 192 ; Allegheny County Home's Appeal, 27 Id. 77 ; Lea *v.* Bumm, 2 Norris 237 ; Wynkoop *v.* Cooch, 8 Id. 450. Even if there were anything in this objection, the defendant is not in a position to raise it. He petitioned for this road and was active in setting the machinery in operation by which the work was done. His case comes squarely within the rulings in Bidwell *v.* City of Pittsburgh, *supra.*

2. It was further objected that the lien was not filed in time. It was evidently filed under section 10 of the supplement which provides that "said assessments, with the interest accruing thereon, and fees for collection, shall be liens upon the property assessed from the commencement of the work until fully paid ; they shall have precedence to all other liens and shall not be divested by any judicial sale." It may be that as against purchasers or subsequent lien creditors, the city would be required to file the lien as provided by section 9 of the supplement, but as against the defendant the lien continues by virtue of the 10th section.

3. The further objection that no copy of the report of the board of viewers, together with a map or plan of the improvements, was filed in the office of the prothonotary, as required by the act, is without merit. It was not shown that the defendant had been injured by such omission. The report is not made a matter of record. Beside, this provision of the act is directory merely : Magee *v.* The Commonwealth, 10 Wright 358 ; Pittsburgh *v.* Coursin, 24 P. F. Smith 400.

4. No valid objection can be made to the cost of the walls on the north side of the street. The road was constructed along the side of a steep hill, and stone walls appear to have been necessary to protect it. No objection was made to the walls on the south side. They were necessary to hold up the road and prevent its being washed down into the ravine. The walls on the north side were equally important to hold up the hill and to prevent its being washed down upon the road.

[Dewhurst v. City of Allegheny.]

5. Equally untenable is the objection that a small portion of the road was improved only of the width of twenty feet. This occurred where the water main crossed the street. The grade, as established, uncovered the main pipe which supplies the city with water. To sink the pipe would require it to be cut, and it was thought unsafe at that particular time to interfere with the water supply. This is a very small matter of a temporary character, and there is nothing to indicate that the city did not act in good faith, as well as with good judgment. Besides, the record shows that the defendants, with others, presented their remonstrance to councils against a change of grade, one of the objects of the proposed change being to avoid this very difficulty about the water main. One of the reasons he gives against a change of grade is, "that a change of grade would be benefiting but a few to the damage of the many, and also in a great measure detracting from the glory of the enterprising and public-spirited councils of 1872 and 1873, to whom this road will be a lasting monument, it being in fact the greatest enterprise yet undertaken for the benefit of the great public of our enterprising city." The grade was not changed.

6. It was not error to reject the evidence embraced in offer "A." See ninth assignment. It is sufficient to say in regard to the first part of the offer, which relates to the assessments, that the fourth section of the supplement provides that "The viewers' report, when approved by councils, shall be final and conclusive without exception or appeal." It does not appear that any objection to the confirmation of the report was made to councils. Having failed to bring his complaint before the only tribunal provided by law to hear it, the defendant cannot with justice object that a jury, in a common-law proceeding, were not permitted to revise the assessments. The first portion of the offer being inadmissible, the residue falls with it: Wharton v. Douglass, 26 P. F. Smith 273.

This record is free from error.

Judgment affirmed.

Justices GORDON and TRUNKEY dissented.