# Erie City *v.* Willis, Appellant.

*Municipal lien—Assessments for benefits—Notice—Sewers—Act of May 16, 1901, P. L. 224, sec. 35.*

The provision of section 35 of the Act of May 16, 1901, P. L. 224, that whenever the cost of local improvements of any kind in cities of the third class is to be assessed upon the abutting properties, at least five days' notice shall be given of the time and place of making the assessment, is directory and not mandatory, and if the notice is not given for the statutory time the assessment is not wholly invalid, but is merely not conclusive. The landowner may show errors and mistakes, and have them corrected on the trial of a scire facias upon the claim.

*Municipal lien—Assessments for benefits—Locality index—Sewers—Act of May 16, 1901, P. L. 224, secs. 26 and 27.*

The neglect of the prothonotary to enter a municipal lien for assessments in the mechanic's lien docket, and to keep a locality index, as required by sections 26 and 27 of the Act of May 16, 1901, P. L. 224, does not invalidate a municipal lien for assessments for benefits to property as between the parties, nor absolutely bar recovery upon the scire facias issued upon the lien.

*Municipal lien—Sewers—Sufficiency of claim.*

A municipal claim for a sewer is sufficient which sets out the size of the sewer, its material, its length in front of defendant's property, the price per foot, the length and price per foot of the house connections together with the title and date of approval of the ordinance under which the work was done.

*Municipal liens—Sewers—House connections—Notice—Act of May 16, 1901, P. L. 224, sec. 29.*

Under the Act of May 16, 1901, P. L. 224, sec. 29, a property owner cannot be charged with costs of house connections with a sewer in the absence of notice to the owner, and default in compliance with the notice.

Argued May 16, 1904. Appeal, No. 156, April T., 1904, by defendant, from judgment of C. P. Erie Co., Feb. T., 1903, No. 4, on verdict for plaintiff in case of City of Erie v. A Piece of Land Fronting on Myrtle Street and Flora E. Sharp Willis and E. B. Willis, Owners or Reputed Owners, with notice to Sarah Cochran. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur municipal lien for a sewer.

From the record it appeared that the defendant moved to strike off the lien for the following reasons:

1. No items are given which go to make up the gross amount for which payment is sought to be enforced and for which said lien is filed, as required by law to be given.

2. That the lien filed in this case was not docketed in the mechanic's lien docket. Nor was the scire facias issued from such entry, nor was the case entered in the judgment index of the proper court, as required by act of assembly, in such cases made and provided.

3. That no legal notice of the time and place of assessment of the cost of said lateral tile sewer against the abutting property owners was given to defendants as required by law.

4. That no locality index was kept by the prothonotary of Erie county, in which the claim of the city of Erie, plaintiff, was entered as required by act of assembly.

The court overruled the motion. [1]

The court refused binding instructions for defendant. [5]

Verdict and judgment for plaintiff for $109.20. Defendant appealed.

*Errors assigned* among others were (1) in overruling motion to strike off lien; (5) in refusing binding instructions for defendant.

*Albert B. Osborne,* with him *Henry A. Clark* and *Henry C. Yaru,* for appellants.—A city can create a valid lien for improvement of streets only when the improvement is made in pursuance of law and the mode established by statute or ordinance is strictly followed: Ferguson's App., 159 Pa. 39; Hershberger v. Pittsburg, 115 Pa. 78; Scranton v. Kingsbury, 4 Pa. Dist. Rep. 555; Western Pa. Ry. Co. v. Allegheny, 92 Pa. 100; O'Byrne v. Philadelphia, 93 Pa. 225.

Where the mode of making improvements is prescribed by statute the mode in such cases constitutes the measure of power: Zottman v. City of San Francisco, 20 Cal. 96; Dillon on Municipal Corporations, pages 944 and 946; Election of Little Beaver Twp. School Directors, 165 Pa. 233.

The provisions of the act of 1901 in relation to notice, manner of filing and docketing lien, issuing scire facias and requisites as to the contents of the claim filed are mandatory: Norwegian Street, 81 Pa. 349; Hepburn v. Philadelphia, 149

Pa. 335; Philadelphia v. Stanger, 8 W. N. C. 151; Fanning v. Gregoire, 57 U. S. 524; Parker v. Overman, 59 U. S. 137.

*William G. Crosby,* for appellee.—Statutes prescribing time and mode of proceedings by public officers are directory: 23 Am. and Eng. Ency. Law (1st ed.) 461 : Pittsburg v. Coursin, 74 Pa. 400; White v. McKeesport Borough, 101 Pa. 394; Beaumont v. Wilkes-Barre, 142 Pa. 198.

OPINION BY RICE, P. J., November 21, 1903 :

This case grew out of the construction of a lateral sewer in Myrtle street from Twenty-ninth street to Peach street. We have not been furnished a copy of the ordinance, but we assume from the course of the argument that it provided that the cost be assessed upon the abutting properties " by an equal assessment by the foot front," etc. The claim filed against this piece of land was for its proportion of the cost of the construction of the sewer; also for the cost of house connections, and five per cent penalty for nonpayment of the assessment within the time required by the ordinance.

The matters assigned as error are the refusal of the court to strike off the lien, certain rulings upon evidence and instructions given to the jury upon the trial of the sci. fa., and the refusal to enter judgment for the defendant upon the point of law reserved non obstante veredicto. The questions thus raised are summarized in the appellants' statement of the questions involved under five heads, and we will discuss them in the order there presented.

1. It is suggested, although the point is not argued in the appellants' printed brief, that the way described in the claim as Myrtle street was not a legally opened street. This was a mixed question of law and fact. The learned trial judge instructed the jury that although the street was established by ordinance in 1874, yet it was necessary to make it a public street that it " be opened by the city on the ground and used as a street by the public," and submitted to them the question whether " there is a street there on the ground used by the public which has been accepted by the city and opened as a public street." So far as this proposition involved matter of law there was no error of which the defendants can complain,

and there was ample evidence to warrant the jury in finding the essential facts referred to in it.

2. Section 35 of the Act of May 16, 1901, P. L. 224, provides that whenever the cost of local improvements of any kind in cities of the third class is to be assessed upon the abutting properties, at least five days' notice shall be given of the time and place of making the assessment, also that notice be published in one or more newspapers for three successive days. Notice was duly published the required number of days, and was served on the owner on April 21. But as the assessment was to be made on April 25, this was one day short. The assessment consisted of an apportionment of the cost of the improvement on the properties abutting upon it by the foot front rule and was made by the city engineer. He put this in tabulated form, showing cost of the improvement, including the itemized accounts of the several amounts charged to each property, and returned it to councils. Having been approved by them and the mayor, the claims for the amounts thus assessed went into the hands of the proper city officer for collection. No question is raised as to the regularity of the assessment, except as to the notice. But it is claimed that the statutory provision as to that matter is mandatory, and must be obeyed under the penalty of having the assessment and all subsequent proceedings declared void. What we have to say upon that subject is to be understood as relating only to an assessment by the city engineer, whose simple duty is to apportion the cost as above stated. A leading case upon the subject of mandatory and directory provisions of a statute is Bladen v. Philadelphia, 60 Pa. 464, where Justice SHARS-WOOD said: "It would not perhaps be easy to lay down any general rule as to when the provisions of a statute are merely directory, and when mandatory or imperative. . Where the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory ; but negative words which go to the power or jurisdiction itself have never, that I am aware of, been brought within that category." This statement of the general rule, as any statement must, leaves considerable latitude for construc-

tion as particular cases arise, as will be seen by a comparison of the decision in Pittsburg v. Coursin, 74 Pa. 400, with the opinion of Mr. Justice CLARK in Hershberger v. Pittsburg, 115 Pa. 78. Both of these cases involved a construction of different sections of the Act of January 6, 1864, P. L. 1131. The latter related to sections 3 and 11, and it was strongly intimated but not positively decided that the provision as to the notice to be given by viewers appointed to appraise damages and benefits was intended "to impose a limitation upon the jurisdiction and power of the viewers," and therefore was mandatory. The former case involved a construction of section 7, and it was held that the provision relative to the notice to be given by the recording regulator was directory only. There is no conflict between these cases, and it is very evident that in deciding the Hershberger case, the court did not intend to disturb or qualify in any way the ruling in the Coursin case; for, after quoting from it to show the point decided, Justice CLARK said: "A statute directing the mode of procedure by a public officer is in general deemed directory; a precise compliance is not essential to the validity of the proceedings unless so declared." The difference between the procedure under section 7 of the act of 1864 and the procedure under review here, is one of form only and not of substance. The power and jurisdiction of the regulator under that section were substantially the same as the power and jurisdiction of the city engineer in our case, and in neither case were they discretionary in their nature. True, section 7 of the act of 1864 directed the regulator to make up the assessment and then give notice, but the purpose of the notice was to give parties interested an opportunity to have any errors or mistakes corrected, and this was to precede the return of the assessment to the treasurer. Manifestly the notice directed to be given by the city engineer in our case was no more essential to the validity of the assessment made up by him than was the notice directed to be given by the regulator essential to the validity of the assessment returned by him to the city treasurer. In concluding his opinion in Pittsburg v. Coursin, Justice SHARSWOOD said: "It is true that we ruled in Hutchinson v. Pittsburg, that where due notice has been given, the assessment is conclusive upon the party, but it does not follow that if not given the assessment

is thereby wholly invalidated, but only that it is not conclusive. The party may show errors and mistakes, and have them corrected on the trial of the scire facias upon the claim." As we regard this case, it is an authoritative decision of the substantial question before us ; therefore further discussion is unnecessary. The principle upon which it was decided has been applied in other analogous cases, amongst which may be mentioned Magee v. Commonwealth, 46 Pa. 358 ; White v. McKeesport, 101 Pa. 394 ; Dewhurst v. Allegheny, 95 Pa. 437 ; Beaumont v. Wilkes-Barre, 142 Pa. 198 ; Com. v. Beaver Borough, 171 Pa. 542.

3. The claim was filed in the proper office within the time prescribed by the act, and was entered on the judgment index as directed by the 26th section. Thus far, the statute was complied with literally. But, instead of entering the claim in the mechanic's lien docket, as directed by the same section, the prothonotary entered it in the municipal lien docket. He also neglected to keep a locality index at that time, as directed by the 27th section. Compliance with these statutory provisions. was not optional with the prothonotary, and we are not to be understood as deciding that the procedure pursued by him was as effectual for all purposes as if he had complied strictly with them. But it is quite clear to us that failure to enter the claim in the mechanic's lien docket, in addition to entering it in the municipal lien docket, or the prothonotary's neglect to keep a locality index, was not sufficient to invalidate the lien as between the parties, nor to absolutely bar recovery upon the sci. fa. issued upon it. What may be the effect of these irregularities upon the rights of the plaintiff as against third persons is a question upon which we express no opinion. See Magee v. Com., 46 Pa. 358 ; Dewhurst v. Allegheny, 95 Pa. 437 ; Summy v. Hiestand, 65 Pa. 300.

4. It is objected that the claim is defective because it does not properly set forth (*a*) the authority under and by virtue of which the work was done ; (*b*) the kind and character of work done and materials furnished. As to the latter, we adopt the language of Judge WALLING : " I am of the opinion that the lien sufficiently sets out the kind and character of the work done. It gives the size of the sewer, its material and the length in front of defendants' property and the price per foot ; and

also the length and price per foot óf the house connections. Where the entire improvement is let in one contract, as in this case, the city might not be able to set out the exact amount of labor and material that went into the improvement in front of each property." The claim described the ordinance under which the work was done and assessments made by its title and the date of its approval, and declared that the' lien was claimed " by virtue of the provisions of sundry acts of assembly relative to the construction of sewers . . . . and the assessment and collection of the cost thereof by a tax upon the real estate fronting on the streets so improved and the filing of liens therefor." That more was needed in order to comply with the requirements of the act relative to setting forth the authority under or by virtue of which the work was done and the assessments made, has not been made clear. We think the claim was sufficiently explicit in this regard, and in support of this conclusion refer to the case of Philadelphia v. Richards, 124 Pa. 303.

5. The only remaining question relates to the charge for two house connections of eighteen feet éach. It seems that in constructing the sewer, branches were laid therefrom to the inner side of the curb in front of these and doubtless other abutting properties. As we understand the case, the cost of these house connections was not included in the cost of the lateral sewer, and therefore was not apportioned according to frontage amongst the several abutting properties. The authority, if it existed, for imposing a charge upon the defendants' property for the actual cost of these house connections, must be found in Section 5, Article 13, of the Act of May 23, 1889, P. L. 277, as amended by Section 29 of the Act of May 16, 1901, P. L. 224, 246. But that section plainly contemplates notice to the owner and default of compliance with the notice. It is conceded, however, that no notice was given ; hence it cannot be said that the defendants were in default, and unless the facts distinguish the case from Pittsburg v. Biggert, 23 Pa. Superior Ct. 540, the principle there decided would seem to be applicable here and to sustain the defense so far as this portion of the claim is concerned. It is urged, however, and the learned judge below took that view of the evidence, that the failure to give notice to the defendants to make the house connections

was rendered immaterial by the fact that they actually extended these house connections across their premises to their dwellings, and are now using the sewer. The difficulty we find is not so much in the legal principle as in the evidence; for, while the witness who testified upon that subject said in his direct examination that these house connections were extended to the defendants' premises by an arrangement between them and the contractor; yet, upon cross-examination, it appeared that he had no definite knowledge upon that subject. All that he could say was : " Only I know that the contractor cut into his yard. That showed as an open trench." This, in our judgment, was scarcely sufficient to warrant a disposition of the legal question upon the assumption that the defendants had actually made connections with the sewer, and were using it. We think, therefore, there is a valid defense under the evidence to this portion of the claim. This, however, will not necessitate a retrial of the case; but the error may be corrected by deducting the amount of this charge from the entire amount for which judgment was entered.

The judgment is modified and amended by deducting from the amount thereof, as of the date when it was entered, the sum of $13.83, this being the cost of the house connections, and interest thereon to the date of judgment and five per cent penalty; and as thus modified and amended the judgment is affirmed.