## Banos et al. v. Banos

*Joseph L. Prince*, for plaintiffs.
*Rutter & O'Donnell*, for defendant.

KNIGHT, P. J., August 29, 1947.—Laura Banos obtained a rule to show cause why the above confessed judgment should not be opened as to her, on the ground that she was an accommodation maker of the note on which the judgment was obtained.

A responsive answer was filed denying that Laura Banos was an accommodation maker and no depositions were taken. On this record the court filed an order and opinion on March 12, 1947, discharging the rule.

Counsel then made a motion for reargument, in which motion it was alleged that counsel for all parties had agreed and stipulated that Laura Banos was an accommodation maker but that the stipulation was never filed or brought to the attention of the court.

We allowed the motion, set aside our decree of March 12th and ordered the case on the argument list. The case was reargued, and is now before us on the sole question of whether Laura Banos is liable as an accommodation maker under the Act of May 17, 1945, P. L. 625, 48 PS §31. The answer to this question depends on the constitutionality of the above-cited act.

It is contended that the title to the Act of May 17, 1945, supra, is misleading and that there is a variance between the title and the text of the act that offends against article III, sec. 3 of the Constitution of Pennsylvania. The Act of 1945 was an amendment to The

Married Woman's Property Act of June 8, 1893, P. L. 344, which enlarged the powers of married women but prohibited them from becoming accommodation makers or endorsers of promissory notes.

The title of the amending act reads:

"An act to amend sections one and two and to further amend section three of the act, approved the eighth day of June, one thousand eight hundred ninety-three (Pamphlet Laws, three hundred forty-four, No. 284), entitled 'An act relating to husband and wife, enlarging her capacity to acquire and dispose of property, to sue and be sued, and to make a last will, and enabling them to sue and to testify against each other in certain cases,' authorizing a married woman to mortgage or convey her real property to the same extent as a married man; to make contracts as if unmarried."

The text of the act provides (section 2), that a married woman may not convey her real estate without a joinder of her husband.

The gist of the argument against the constitutionality of the act is that a married man may make a valid conveyance of his real estate without the joinder of his wife, although the grantee takes it subject to her dower interest, while under the Act of May 17, 1945, supra, the deed of a married woman without the joinder of her husband is absolutely void. Hence it is argued the provision in the title that she may convey her real property to the same extent as her husband clashes with the provision in the text that she may not so convey without the joinder of her husband, and that this variance between title and text renders the whole act unconstitutional and void.

We are not concerned here with the mortgage or conveyance of a married woman. If we assume that the title of the act is defective as applied to a conveyance or perhaps a mortgage, which we by no means

concede, still the question remains as to whether this would vitiate the whole act. We think not. Mortgages and conveyances are separate domains in the law and are so treated by textbook writers and legislatures. They have characteristics and attributes distinct from other contracts, and even the uninitiated in legal terminology would not confound them with ordinary agreements.

In McGee's Appeal, 114 Pa. 470, 478 (1886), it is said: "If it be conceded, however, that the title does not fully express the subject of the Act, it is only those provisions not covered by it, that are void." Citing Dewhurst v. Allegheny City, 95 Pa. 437 (1880). Again, in Minsinger v. Rau, 236 Pa. 327, 336 (1912), we find: "If there are provisions not covered by the title, they do not affect the validity of the Act as a whole unless they are vital in character and it is apparent that without them the law makers would not have enacted the legislation." This was cited with approval in Commonwealth ex rel. v. Snyder, 279 Pa. 234 (1924).

We are of the opinion that the same rule applies when one of several provisions in the title of an act conflicts with one of several provisions in the body of the same act, and that the other provisions not so conflicting are valid.

The Act of June 8, 1893, supra, was passed to enlarge the powers of married women, inter alia, in the matter of making contracts, and provided that a married woman could make any contract an unmarried woman could make for the benefit of her personal estate, except that she could not become accommodation maker or endorser nor surety for another.

The amending act of 1945 further enlarged the power of married women to contract by removing these restrictions, and empowering her to make contracts as if unmarried. The broad power to make contracts is not affected by the restriction that she may not convey her real estate without the joinder of her husband.

This being true, it follows that the Act of May 17, 1945, supra, so far as it gives to a married woman the power to contract as if unmarried is constitutional. Petitioner, exercising the right to contract given her by the act, signed the note as an accommodation maker, and she is bound by her contract.

And now, August 29, 1947, the rule is discharged at the cost of petitioner.