# Elliot's Appeal.

1. The good-will of an inn is local, and does not exist independently of the house in which it is kept.

2. A husband kept tavern in a house which belonged to his wife; upon his death she became his administratrix, and continued to keep the tavern, and subsequently sold the good-will. *Held*, that the price of the good-will was not assets of his estate.

January 7th 1869. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Philadelphia* confirming the report of the auditor on the account of Margaret Elliott, administratrix, &c., of James Elliott, deceased: No. 144, to July Term 1868.

10 P. F. SMITH—11

[Elliott's Appeal.]

The appeal was by the accountant. Her account had been referred to Alexander R. Cutter, Esq., as auditor, before whom a number of exceptions to it were taken by creditors of the decedent: amongst others, that she had not charged herself with the sum of $1000 for which she had sold the good-will of a tavern.

On this exception the auditor found the following facts. The decedent had been the owner of a tavern at the corner of Market and Twentieth streets, Philadelphia, at which he had carried on the business of an innkeeper for nineteen or twenty years. March 1860 he conveyed the property to George Hunter, and on the 5th of the next April Hunter conveyed it to Mrs. Elliott for the purpose of giving the property to her, but the decedent was then entirely solvent. He and his wife, the accountant, continued to occupy the premises and to keep a tavern there until his death, January 19th 1867. The accountant continued the business at the same place for about eleven months after his death. She then leased the tavern and sold the good-will to the lessee for $1000.

The auditor, amongst other things, reported:—

"There was no allegation on the part of the administratrix that she was in any manner interested in the business of decedent, except as part of his household. If the business had been hers, and she had furnished the capital to carry it on, then the good-will of the tavern would undoubtedly have formed a part of her separate estate, and she would then have been right in her belief (as expressed on her examination) that the good-will of the tavern did not belong to the estate.

"The business of decedent having been established there so many years, had obtained a moneyed value. The auditor cannot resist the conclusion from all the evidence and circumstances of the case, that the good-will and leasehold interest of that tavern belonged to the estate, and that it was the duty of the accountant, as administratrix, to sell and account for the same as part of this estate." * * "All the authorities are so direct upon the point, that the auditor cannot do otherwise than decide that the accountant be surcharged with the sum of $1000, amount received for good-will."

The accountant excepted to the report of the auditor, the court dismissed the exception, and confirmed the report. This was assigned for error.

*J. D. Bennett* (with whom was *J. G. Brinklé*), for appellant.

*T. J. Diehl*, for appellee, cited Wood's Estate, 1 Ashmead 314; Wiley's Appeal, 8 W. & S. 244; Daniel Coppel's Estate, 4 Phila. Rep. 378; Emeret's Appeal, 2 Parsons 195; Worral *v*. Hand, 1 Peake's Rep. 74; Coates *v*. Gerlach, 8 Wright 43; Mullen *v*.

[Elliott's Appeal.]

Wilson, Id. 413; Black *v.* Nease, 1 Id. 433; Cruttwell *v.* Lye, 17 Vesey 336.

The opinion of the court was delivered, January 14th 1869, by READ, J.—In the month of March 1860 Mrs. Margaret Elliott became the owner of a house and lot at the south-east corner of Twentieth and Market streets, in which she, her husband and children resided. In one room of the house the husband kept a tavern, which he continued to do until his death on the 19th of January 1867. Mrs. Elliott kept the tavern for eleven months after his decease, and then leased the whole of the premises for five years at $1200 per annum, the lessee paying her $1000 in consideration of extending the lease for so long a period. As administratrix she has accounted for all the personal property of the decedent, but the auditor and the court below have surcharged her with the $1000 as the price of the good-will of the tavern stand.

All the cases cited by the auditor and on the part of the appellees differ from the present case in a very important particular, that Mrs. Elliott is the actual owner of the house and tavern stand, and derives no interest from the decedent in either. The good-will of an inn or tavern is local, and does not exist independent of the house in which it is kept. The decedent had no leasehold interest which his personal representative could sell, and of course no goodwill which could be assets in her hands.

The house and tavern stand belonged solely to Mrs. Elliott, and if she chose to keep the tavern, and finally to lease it with permission to use it as a tavern, the profit is hers as arising from the use she makes of her own property.

Decree of Orphans' Court reversed so far as respects the surcharge of $1000, and record remitted with directions to the court to amend the decree accordingly.