## Pittsburg *versus* Coursin.

1. An act required that the "Regulator" should give notice of assessments on lot owners for grading, &c., "by publication for ten days in two daily papers of (Pittsburg)—"that the parties may have an opportunity of having mistakes or errors corrected." *Held*, to be directory only; and that the owner might show "errors or mistakes" in the trial of the suit on a claim for grading, &c.

2. When words are affirmative and relate to the manner in which power or jurisdiction in a public officer or body is to be exercised and not the limits of the power, they are in general directory.

3. Kensington *v.* Keith, 2 Barr 218 ; Pittsburg *v.* Walter, 19 P. F. Smith 365, distinguished.

November 11th 1873.  Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the District Court of *Allegheny county :* No. 163, to October and November Term 1873.

This was a scire facias issued March 16th 1871, by the City of Pittsburg against Benjamin Coursin on a municipal lien filed March 13th 1871, against the defendant. The claim was for $474.30 with interest, expenses, &c., on a lot on Cassatt street, Pittsburg.

By Act of June 6th 1864, Pamph. L. 1133, the councils of Pittsburg were authorized to grade, pave, &c., any street in the city, and collect the cost, &c., from the owners of property bounding on such street, by an assessment on the feet front of such property.

The 16th section of the act provided, that when a street, &c., should be graded, &c., it should be the duty of the "recording regulator to make an assessment of the cost and expense, and to give notice by publication for ten days in two daily papers of said city, that the assessment has been made, and may be seen at his office, and that the parties may have an opportunity of having any errors or mistakes corrected." After such correction the regulator is to hand to the city treasurer the assessment with a

[Pittsburg v. Coursin.]

plan of each lot, the amount assessed on it, and the name of the owner. Subsequent sections of the Act provided for filing the lien and collecting the amount assessed. On the trial, January 15th 1872, before Hampton, P. J., the record of lien, &c., was given in evidence, but there was no evidence that the notice of the assessment was published as required by the Act of Assembly.

On motion of the defendant the court entered a non-suit, because the notice was not published according to law.

The plaintiff removed the record to the Supreme Court by writ of error, and assigned for error the entering judgment of non-suit.

*T. S. Bigelow* and *D. T. Watson*, for plaintiff in error.—The provision for notice is directory only: Bladen *v.* Philadelphia, 10 P. F. Smith 466; Kensington *v.* Keith, 2 Barr 218; Pittsburg *v.* Walters, 19 P. F. Smith 365; Magee *v.* Commonwealth, 10 Wright 388.

*G. F. Gilmore* and *J. M. Kennedy*, for defendant in error.—The notice was necessary, because there is no appeal from the regulator's decision, and, therefore, the court could not correct the errors on the scire facias: Stewart *v.* Maple, 20 P. F. Smith 221; Clinton School District's Appeal, 16 Id. 315; Commonwealth *v.* Woods, 8 Wright 113; Hutchinson *v.* Pittsburg, 22 P. F. Smith 320; Pittsburg *v.* Walters, Commissioners *v.* Keith, *supra*.

The opinion of the court was delivered, November 21st 1873, by

SHARSWOOD, J.—The provision of the sixteenth section of the Act of Assembly of January 6th 1864, Pamph. L. 1133, requiring the recording regulator of the city of Pittsburg " to give notice, by publication for ten days in two daily papers of the said city," of assessments for grading and curbing streets, " that the parties interested may have an opportunity of having any errors or mistakes corrected," is in our opinion directory merely. Where the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they will in general be so construed: Bladen *v.* Philadelphia, 10 P. F. Smith 466. In Magee *v.* The Commonwealth, 10 Wright 388, it was accordingly held that the provision of the Act of May 16th 1857, that assessments made by the appraisers, as directed by that Act, should be filed in the office of the prothonotary by the city solicitor within twenty days after they were made, was not so mandatory as to invalidate the assessments if it was not complied with. It was decided to be merely directory. This is not the case of a proviso limiting an authority before given, as in Ken-

24 P. F. SMITH—26

[Pittsburg *v.* Coursin.]

sington *v.* Keith, 2 Barr 218. Nor is it a pre-requisite to the vesting of jurisdiction, as in Pittsburg *v.* Walters, 19 P. F. Smith 365, where the law gave authority to grade only on the application of a majority of the lot holders on the street. It is true that we ruled in Hutchinson *v.* Pittsburg, that where due notice has been given, the assessment is conclusive upon the party, but it does not follow that if not given the assessment is thereby wholly invalidated, but only that it is not conclusive. The party may show errors and mistakes, and have them corrected on the trial of the scire facias upon the claim.

Judgment reversed, and *procedendo* awarded.