## Commonwealth *v.* Barton, Appellant.

*Criminal law—Evidence—Record—Answer to points.*

Where on an appeal in a criminal case the evidence given at the trial has not been certified, the appellate court cannot determine the correctness of answers to points relating to the evidence .

*Criminal law—Embezzlement—Attorney at law.*

In Pennsylvania the profession of attorney at law includes much more than the mere management of the prosecution and the defense of litigated cases. Unquestionably the professional relation of attorney and client may be established as to the investment of money. Where this relation exists and by virtue of it money is entrusted to the attorney to be paid to a borrower, or otherwise invested, upon satisfactory security being given, he holds it for safe custody pending the consummation of the loan or other investment. This is as much a part of his duty as attorney as in the exercise of his judgment upon the legal sufficiency of the security offered. If in the mean time he fraudulently converts the money to his own use, he is guilty of embezzlement as attorney within the true spirit and intent, as well as the letter of the act of 1860.

*Criminal law — Sentence to county workhouse— County jail—Acts of March* 31, 1860, *sec.* 75, *P. L.* 410, *and June* 26, 1895, *P. L.* 374.

The Act of June 26, 1895, P. L. 374, is a literal re-enactment of section 75 of the act of March 31, 1860, with a clause added by way of amendment providing that convicts in county jails may be required to perform such labor about the county buildings and upon the grounds and property of the county as the commissioners may specify. The amendment relates solely to the treatment of convicts in county jails and cannot be held to repeal by implication laws which authorized the court of quarter sessions of Allegheny county to sentence to imprisonment in the county workhouse.

Argued May 7, 1902. Appeal, No. 95, April T., 1902, by defendant, from judgment of Q. S. Allegheny Co., Sept. T., 1901, No. 189, on verdict of guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for embezzlement. Before McCLUNG, J.

At the trial it appeared that the defendant was an attorney at law, and had appropriated to his own use moneys which had been placed by a client in his hands for investment. The jury returned a verdict of guilty on which the court sentenced the

defendant to imprisonment in the Allegheny county workhouse for a period of six months.    Defendant appealed.

*Errors assigned* were (1, 2, 4, 5, 6, 7) answers to various points. (3) Refusal of defendant's fifth point as stated in the opinion of the Superior Court. (8) In sentencing defendant to the Allegheny workhouse. (9) Portion of charge, quoting it.

*William M. McElroy*, with him *Charles F. McKenna*, for appellant.—Investing money is not a part of the business of an attorney at law : Com. v. Fahnestock, 15 Pa. C. C. Rep. 601; Com. v. Biggam, 1 Pa. Dist. Rep. 438 ; Com. v. Gerdemann, 11 Phila. 397.

An indictment charging the crime of embezzlement, as agent, cannot be sustained where the evidence shows only one employment of the defendant, and fails to show that his business was that of an agent.    Com. v. Morton, 7 Del. Co. Rep. 521; Com. v. Yerkes, 29 Legal Int. 60.

The sentence under the act of 1860, providing for a simple imprisonment, and the sentence in this case being such, under the act of 1895, it should have been to the county jail : Com. v. Barge, 11 Pa. Superior Ct. 164.

*John C. Haymaker*, for appellee, cited: Lawall v. Groman, 180 Pa. 532.

PER CURIAM, May 22, 1902:

The defendant was indicted and convicted under section 114 of the Act of March 31, 1860, P. L. 410.    The first, second, fourth, fifth, sixth and seventh specifications allege errors in answers to points submitted by the defendant, each of which points was based on what he claimed that the evidence showed or omitted to show.    But as the evidence given on the trial has not been certified to us it is manifest that we cannot determine whether these answers were correct or incorrect ; we therefore dismiss these assignments.

In the defendant's fifth point the court was asked to charge that investment of money upon mortgages upon real estate is no part of the business of an attorney at law, as such, and, therefore, if the money was paid to the defendant as an attor-

ney at law to be invested by him, as such, there could be no conviction. The court was clearly right in refusing this point. In Pennsylvania the profession of attorney includes much more than the mere management of the prosecution and the defense of litigated cases. Unquestionably the professional relation of attorney and client may be established as to the investment of money. Where this relation exists and by virtue of it money is intrusted to the attorney to be paid to a borrower, or otherwise invested, upon satisfactory security being given, he holds it for safe custody pending the consummation of the loan or other investment. This is as much a part of his duty as attorney as is the exercise of his judgment upon the legal sufficiency of the security offered. If in the mean time he fraudulently converts the money to his own use, he is guilty of embezzlement as attorney within the true spirit and intent, as well as the letter, of the section of the act of 1860 under which this indictment was drawn.

The argument in support of the ninth assignment is based on a clear misapprehension of the remarks of the trial judge. In the instruction complained of he assumed no fact and withdrew no question of fact from the jury. The cases cited by the appellant's counsel in support of this assignment have no application.

The Act of June 26, 1895, P. L. 374, is a literal re-enactment of section 75 of the act of March 31, 1860, with a clause added by way of amendment providing that convicts in county jails may be required to perform such labor about the county buildings and upon the grounds and property of the county as the commissioners may specify. The amendment relates solely to the treatment of convicts in county jails and cannot be held to repeal by implication laws which authorized the court of quarter sessions of Allegheny county to sentence to imprisonment in the county workhouse.

The judgment is affirmed and the record remitted to the court below to the end that the sentence be fully carried into effect.