# Duquesne Borough *v.* Keeler, Appellant.

*Road law—Grading—Widening of street—Set-off.*

On the trial of an appeal from a report of viewers assessing benefits for the grading and paving of a street, the landowner cannot set off a claim for damages caused by the widening of the street, when the widening was by ordinance passed nine months after the contract for grading had been awarded, and there were separate proceedings before another set of viewers assessing the cost of the widening.

*Road law—Grading and paving—Notice—Act of May 16, 1891, sec. 10, P. L. 75.*

The failure to give the notice provided for by sec. 10, of the Act of May 16, 1891, P. L. 75, within ten days of the passage of a borough ordinance for the grading and paving of a street, is not in itself fatal to the borough's claim for assessments for the cost of the improvement.

Argued Nov. 1, 1905. Appeal, No. 161, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1900, No. 302, on verdict for plaintiff in case of Duquesne Borough v. Leonora Keeler. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from report of jury of view.

The facts appear by the opinion of the Supreme Court.

Defendant presented, inter alia, the following points:

2. The plaintiff, having offered no evidence that the council authorized the signing of the contract for the grading, paving and curbing of Duquesne avenue, or that the burgess approved of the signing of the said contract by ordinance or otherwise, the plaintiff cannot recover, and the verdict should be for the defendant. *Answer:* Refused. [14]

3. If the jury find from the evidence that the borough of Duquesne undertook to grade, pave and curb Duquesne avenue in accordance with the provisions of the act of assembly passed May 16, 1891, upon the petition of a majority in number and interest of the owners of property abutting thereon, and that without further petition by the property holders, the council did not grade, pave and curb Duquesne avenue as petitioned for, but did grade, pave and curb a portion thereof to a greater width than that embraced within the lines of the street at the time the same was petitioned for, without the consent of the petitioner, in that event the plaintiff cannot recover in this action, and the verdict should be for the defendant. *Answer:* Refused for the reason that there is no evidence that they did not. [15]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Errors assigned* among others were (14, 15) above instructions, quoting them; (17) refusal of binding instructions for defendant.

*W. T. Tredway,* for appellant, cited: Olds v. City of Erie, 79 Pa. 380; Fell v. Philadelphia, 81 Pa. 58; Pittsburg v. Walter, 69 Pa. 365; City of Erie v. Moody, 176 Pa. 478.

*Fred W. Scott,* for appellee, cited: Beechwood Ave., 194 Pa. 92; Erie City v. Willis, 26 Pa. Superior Ct. 459; Hershberger v. Pittsburg, 115 Pa. 78.

OPINION BY MR. JUSTICE FELL, January 2, 1906:

This action was to recover benefits accruing to the defendant's property by the grading, curbing and paving of Duquesne

avenue. The defendant's main contention at the trial was that a part of the avenue was widened after the passage of the ordinance for its grading, etc., and that the work done on the new part was without any authority, no new ordinance having been passed providing for it, and that she was entitled to set off against the claim for paving and grading her damages resulting from the widening of the street. In support of this contention the defendant offered no proofs, and it was not sustained by the facts brought out by the witnesses for the plaintiff. The ordinance called for the paving of the avenue without stating its width, and it did not appear to what width it had been paved. If the defendant was charged with any part of the cost of work not duly authorized, she failed to show it at the trial, and the court properly disregarded this ground of defense. The widening was by ordinance passed nine months after the contract for grading had been awarded, and there were separate proceedings before another set of viewers assessing the cost thereof. It is clear that the defendant's claim for damages because of the widening could not be considered in the proceeding before us.

Nor was the failure to give the notice provided for by section 10 of the Act of May 16, 1891, P. L. 75, within ten days of the passage of the ordinance fatal to the plaintiff's claim. The section mentioned provides that notice of the approval of the ordinance for the improving of a street shall be given within ten days by handbills posted along the line of the proposed improvement, setting forth the fact and date of the approval, that the petition for the improvement was signed by a majority in interest and number of owners of abutting properties, and any one in interest denying that it was so signed, may appeal to the court of common pleas for a determination of the question whether the improvement was petitioned for by the requisite majority. This section, it was said in O' Mara's Appeal, 194 Pa. 86, is a special provision for raising, before the expense of the improvement has been incurred, the objection that a majority of the property owners had not signed the petition, and the penalty for not raising it is estoppel. If no notice, or an inadequate notice is given, the owner is not estopped, and this ground of defense is open at the trial. The failure, however, to give notice does not invalidate the ordinance and all

proceedings under it.   The power to contract for a street improvement is not given by this section.   It regulates only the manner in which a particular question that affects the exercise of the power may be decided, and concludes parties in interest who do not raise the question in the manner prescribed.   The section does not confer jurisdiction on the council, but regulates a method of procedure for the determination of a particular question.   In Pittsburg v. Coursin, 74 Pa. 400, it was held that a failure to comply with a provision of the act of 1864, requiring notice to be given of assessments for grading or curbing streets in order that interested parties might have an opportunity to correct mistakes, did not invalidate the assessment but made it nonconclusive, and left it open for the property owner to show at the trial that mistakes had been made.   In Erie City v. Willis, 26 Pa. Superior Ct. 459, section 35 of the Act of May 16, 1901, P. L. 224, was under consideration, and it was decided that the effect of a failure to give notice of the time and place of making the assessment, as provided for, was to make the assessment nonconclusive, but not to make it invalid.

The judgment is affirmed.