## Philadelphia, Appellant, *v.* Price.

*Municipal liens—Water pipe—Notice to owner—Directory or mandatory provisions.*

A municipal lien for water pipe in the City of Philadelphia is not invalid because the city failed to serve a bill for the water pipe upon the abutting owner before the lien was filed, as directed by the ordinance of councils of July 29, 1855. The provision of

the ordinance as to the service of the bill is merely directory and not mandatory.

Where due notice of a municipal assessment has been given as directed by an ordinance, the assessment is conclusive upon the party, but it does not follow that if not given the assessment is thereby invalidated, but only that it is not conclusive.

Argued Oct. 12, 1915. Appeal, No. 38 Oct. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1905, No. 3386, M. L. D., on verdict for defendants in case of City of Philadelphia v. Eli K. Price, Eli K. Price Estate, Owners. Before RICE, P. J., OR-LADY, HEAD, PORTER, HENDERSON, KEPHART and TREX-LER, JJ. Reversed.

Scire facias sur municipal lien. Before BARRATT, J.

From the record it appeared that the City of Philadelphia in 1906 filed a municipal claim for water pipe for $480.00 against the property of the defendants. A scire facias was duly issued in the claim, and an affidavit of defense filed, alleging, inter alia, that the city neglected to deliver to the defendants a bill for the water pipe before filing the claim, as directed by the ordinance of councils of January 29, 1855.

At the trial the following offer was made:

"Mr. Saul: I offer to prove by the owner of the property sought to be charged with this lien that no bill for the expense of laying the water pipe in front of the lot of ground described in this case was ever delivered to the owner or owners of said ground described in said claim, or to anyone representing them, or placed upon the premises, as required by said ordinance."

(Objected to by counsel for plaintiff.)

Objection overruled; exception to plaintiff. (1)

Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned,* among others, were (1) rulings on evidence quoting the bill of exceptions; (3) a portion of

charge quoting it, and (4) refusal of binding instructions for plaintiff.

*Henry Baur,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellant.—It has been repeatedly held by the court of Pennsylvania that ordinances of the character in question are directory merely, and not mandatory: Winter v. City of Reading, 15 W. N. C. 329; Pittsburgh v. Coursin, 74 Pa. 400.

For other cases in which a distinction was drawn between ordinances and statutes as being directory or mandatory in their character see: Fell v. Philadelphia, 81 Pa. 58; Magee v. Commonwealth, 46 Pa. 358; Philadelphia, to use, v. Brooks, 81 Pa. 23; Wilvert v. Sunbury Borough, 81½ Pa. 57; Philadelphia v. Ash, 15 Philadelphia 45.

*Maurice Bower Saul,* with him *John G. Johnson,* for appellee, city: Morewood Avenue, 159 Pa. 39; Scranton Sewer, 213 Pa. 4; Apollo Boro. v. Clepper, 44 Pa. Superior Ct. 396.

OPINION BY HEAD, J., March 1, 1916:

The City of Philadelphia filed a municipal lien against certain property owned by the defendants to secure the payment of its proportionate share of the cost of extending the city's water system along the frontage of said property. The claim not having been paid in due time, a scire facias issued. An affidavit of defense was filed and thereafter a plea and the case went to trial.

The single issue upon which the parties divided may be gathered from the following excerpt from the affidavit of defense:—"The ordinance of the select and common councils of the City of Philadelphia, adopted in pursuance of the acts of assembly authorizing said city to fix the charges for the laying of water pipes in the streets and to collect the amount thereof from the owners of ground fronting on said streets, entitled, &c., as amend-

ed, &c., provides 'Whenever the pipes for the conveyance of water shall have been laid in any square or street or highway......the said surveyor shall......assess the expense of laying such pipes against the several owners of ground fronting on said street in proportion to their respective fronts thereon and make out duplicate bills therefor which he shall deliver to the chief of the bureau of water; and the said chief shall cause one of said bills to be delivered by one of the inspectors to the owner or owners of the ground aforesaid, &c.'" The affidavit then avers that no such bill was ever delivered to the defendant by the said official, and as a consequence the city had lost its right to collect the money that would be otherwise due and owing.

It is not quite clear in the state of the record, as we find it, that we have the ordinance before us. When it was formally offered by defendant's counsel, the learned trial judge sustained an objection to its admissibility. Later on however the defendant was permitted to offer evidence, against the objection of the city solicitor, that he had never received the bill contemplated by the portion of the ordinance quoted. The city replied with evidence a bill had been delivered and the learned trial judge submitted that question of fact to the jury with instructions that if the bill had never been delivered the city could not recover. A general verdict for the defendant followed and the city appeals.

The able counsel for the appellee briefly and precisely states the exact question here to be determined in the following language:—"The question therefore before this court is whether the provisions of the ordinance of July 29, 1855, as amended, are mandatory or merely directory."

It is to be observed no question is raised as to the right of the city to determine when its water system should be extended within the city limits. It is not disputed the extension carrying that system along the frontage of the defendant's property was actually made nor are we trou-

bled with any dispute as to the amount charged and sought to be collected. The sole ground of defense is that because some city official neglected to deliver to the defendant owner a bill for the amount assessed against his property, the city has lost its right to collect the same. Let us test the question by the standard laid down by the counsel for the appellee in the language we have quoted. In the affidavit of defense already referred to it is interesting to note that the ordinance in question is said to have been "adopted in pursuance of the acts of assembly authorizing said city to fix the charges for the laying of water pipes in the street and to collect the amount thereof from the owners of ground fronting on said street." The power and authority of the city to do what was done did not then find its source in the ordinance referred to. Had it never been enacted, the city would nevertheless have been vested with the power to extend its water system and collect the cost from the abutting owners. For obviously good reasons the ordinance directed that, after the assessment was made, a bill for his proportionate share should be rendered to each owner of abutting property. Such a precedure would probably result in enabling the owner to promptly satisfy himself the charge was correct and bring to the city treasury speedily the return of the money it had expended in laying the pipes. Was it the intention of the city, in enacting the ordinance referred to, to deprive itself of the right to collect from the property owner, if its servant failed to render the bill mentioned in the ordinance? Is it the necessary construction of the language of the ordinance that this provision is mandatory and if not complied with, the city's right is lost?

In determining whether this provision is mandatory or directory, we find no better statement of the principle that should control than is contained in the opinion of Mr. Justice SHARSWOOD in Bladen v. Philadelphia, 60 Pa. 464:—"It would not perhaps be easy to lay down any general rule as to when the provisions of a statute

are merely directory, and when mandatory or impera-
tive. Where the words are affirmative, and relate to the
manner in which power or jurisdiction vested in a pub-
lic officer or body is to be exercised, and not to the limits
of the power or jurisdiction itself, they may and often
have been construed to be directory, &c." This language
was repeated with approval in Pittsburgh v. Coursin, 74
Pa. 400. The last named case is cited with approval in
Duquesne Borough v. Keeler, 213 Pa. 518, as is also the
case of Erie City v. Willis, 26 Pa. Superior Ct. 459. In
each of these cases there was a provision in the statute
under consideration requiring that certain notice be
given. The doctrine to be gathered from all of them is
"That where due notice has been given, the assessment is
conclusive upon the party, but it does not follow that if
not given the assessment is thereby wholly invalidated,
but only that it is not conclusive."

Applying then the principle enunciated in all of these
cases, we are all of the opinion the learned trial judge
fell into error in his instruction to the jury as to the sig-
nificance of the failure of the city to deliver a bill for the
amount due and owing to the property owner. The filing
of the lien was a good legal demand and the issue of the
scire facias was a repetition of that demand. If there be
no other defense, the city was entitled to recover a ver-
dict.

Judgment reversed and a venire facias de novo award-
ed.