# Commonwealth *v.* Dudick, Appellant.

*Criminal practice—Change of sentence after expiration of term—Correction before expiration of term—Allegheny county workhouse—Acts of June 26, 1895, P. L. 377, and July 20, 1917, P. L. 1151.*

The sentence of a defendant in a criminal prosecution cannot be changed by the court after the expiration of the term during which it was imposed.

Where the court after the term at which the original sentence was imposed, makes an order changing the place and term of imprisonment, it is proper for the court before the term has passed to correct its mistake and order that the original sentence be imposed.

While it is doubtful whether the Acts of June 26, 1895, P. L. 377, and July 20, 1917, P. L. 1151, are applicable to the Allegheny Workhouse, they do not confer any authority upon the courts to change a sentence after the expiration of the term, nor do they confer upon the courts jurisdiction to transfer persons to the County jail.

Argued April 19, 1926. Appeals Nos. 170 and 171, April T., 1926, by defendant, from order of Q. S. Lawrence County, December Sessions, 1924, No. 74, and O. and T. Lawrence County, No. 2 March Sessions, 1925, in the case of Commonwealth of Pennsylvania v. Andy Dudick. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Order transferring place and reducing term of imprisonment. Before HENNINGER, P. J., 50th Judicial District, Specially Presiding.

The court below filed the following opinion:

The defendant, Andy Dudick, was sentenced August 3, 1925, to serve a term of imprisonment in the Alle-

gheny County Workhouse, for a period of two years from that date.  He appealed this case to the Superior Court, which appeal was made a supersedeas the same day that the sentence was imposed, and the defendant did not enter upon his term of sentence.

December 30, 1925, an order from the Superior Court affirming the sentence, and directing that the defendant be committed to comply therewith, was filed.  January 2, 1926, an order was made committing the defendant, as directed by the Superior Court.  January 2, 1926, upon motion of the defendant, an order was made, transferring the defendant from the Allegheny County Workhouse, a place he never was to the County Jail. The same day, upon another motion of the defendant, another order was made changing and modifying the sentence as imposed on the 3rd day of August, 1925, from two years to one and one-half years.  The effect of the two last orders being to change and modify the sentence from a workhouse sentence to a jail sentence, and from two years to a year and a half.  The defendant is now before court by virtue of petition of the District Attorney praying that he be committed to comply with the original sentence as imposed August 3, 1925. If the said two orders made January 2, 1926, be absolutely void and of no effect, the prayer of the petition must be granted.  If they are not absolutely void, it should be refused.  The orders made January 2, 1926, were made long after the term in which the sentence was imposed had ended, and at the time they were made, we had no power to change, modify or vacate a sentence.

Commonwealth v. Mayloy, 57 Pa. 291;
Commonwealth v. Nuber, 6 Sup. 420;
Commonwealth v. Ciccone, 84 Sup. 224;
Commonwealth v. Richardson, 20 D. R. 350;
Commonwealth v. Gillespie, 10 D. R. 393.

The said two orders made January 2, 1926, being orders modifying and changing a sentence, are absolutely void.

In Re White, 30 P. L. J. 251;
Ex Parte, Friday, 43 Fed. 916.

It is argued that the order of January 2, 1925, changing the imprisonment from the workhouse to the county jail, is a valid order.   Under the provisions of the Act of June 20, 1917, P. L. 1151, which reads as follows: "The Superintendent may, under the direction of the Court of Quarter Sessions, remove any inmate to the county jail for the unexpired portion of his term, as circumstances may require."   A careful consideration has lead us to the conclusion that the above quoted provision is not applicable to the facts of this case.   The defendant was never committed or confined to the Allegheny County Workhouse; the removal was not made by or at the request of the Superintendent of the workhouse, and no circumstances requiring the change were shown to exist.

It is contended, that as we directed the removal, it must be presumed that he was in the workhouse, notwithstanding the fact that we know that he was not; that the removal was made at the request of the Superintendent of the workhouse, when we also know that it was not; and circumstances requiring the removal were shown to exist, when we know that they were not.

We are not impressed with this argument.   Our orders may mislead appellant courts, by way of presumption, but they cannot mislead us. We may look behind the. records and deal with the facts as they exist.

After a careful consideration of the authorities cited on both sides, we have reached the conclusion that both the order changing the imprisonment, and the order changing the term of sentence, made January 2, 1926,

are absolutely void and of no effect, and that the sentence imposed August 3, 1925, is still in full force; that the prayer of the petition must be granted, and the defendant committed accordingly.

Defendant appealed.

*Error assigned* was the order of the court.

*M. J. Kraus,* and with him *J. Norman Martin, Martin & Martin, A. Martin Graham, Charles Matthews, Jr., Graham, Matthews & Kraus,* for appellant.

*James A. Chambers,* and with him *J. Elder Bryan,* District Attorney, for appellee.

OPINION BY PORTER, P. J., April 30, 1926:

The opinion of Judge HENNINGER filed upon making the order appealed from, which will appear in the report of this case, fully vindicates the conclusion at which he arrived and renders unnecessary extended discussion of the question involved. These are the second appeals by this defendant from the same judgments. This court affirmed the judgments and remitted the records to the court below with an order "that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed at the time the appeal in this case was made a supersedeas." The term at which the defendant was sentenced had expired long before the record was thus returned and the court below was without authority to change the sentence imposed, as is fully established by the authorities cited in the opinion of Judge HENNINGER, to which may be added Commonwealth v. Hamel, 44 Pa. Superior Ct. 464.

The Court below, on January 2, 1926, after causing the defendant to be called, committed him to undergo

imprisonment in the Allegheny County workhouse for the term of the sentence originally imposed. This was in all respects regular, but the judge then presiding in the court below was not content to stop there. He attempted to change the place where the defendant was to be imprisoned, so that the imprisonment should be in the county jail of Lawrence County instead of the Allegheny County workhouse, and at the same time reduced the term of imprisonment. These things the court was without authority to do. The district attorney presented a petition to the court below reciting these facts, averring that the change of sentence was invalid and praying that it be annulled and stricken from the record and that sentence be imposed according to law. The learned judge then presiding in the court below after full consideration of the matter allowed the motion of the district attorney, revoked the order of January 2, 1926, and ordered that the defendant be committed to the Allegheny County workhouse to serve for the term designated by the original sentence. It is to be borne in mind that this order was made at the same term at which the court had made the erroneous order, and it was entirely proper for the court to correct its own mistake, without putting the parties to the cost and expenses of an appeal, which must necessarily have resulted in the reversal of the order of January 2d.

The appellant contends that the court had authority to change the place of imprisonment from the Allegheny County workhouse to the Lawrence County jail, under authority conferred by section 5 of the Act of June 26, 1895, P. L. 377, and by section 9 of the Act of July 20, 1917, P. L. 1151. The Act of 1895 authorized the erection of workhouses in the several counties of the Commonwealth, and provided that when such workhouses were completed for the reception of inmates, it should be the duty of the county commissioners to

transfer from the county prison to the workhouse all persons confined for certain offenses. It is manifest that the workhouses with which that statute dealt were county workhouses to be located in the county in which the county prison was located. The Act of 1917 divided the state into nine districts and authorized a board of trustees in each district, constituted as provided in the statute, by a majority vote to select a suitable site for a county industrial farm, workhouse and reformatory in the district, and enacted that when in any district the arrangements are completed for the reception of inmates the court of quarter sessions of every county embraced in such district might, in its discretion, transfer from the county prisons and jails, to the industrial farm, workhouse and reformatory all persons who had been sentenced to any of said county prisons for certain offenses. It certainly may well be doubted whether the provisions of either of these statutes are applicable to the Allegheny County workhouse, which was erected and continues to be conducted in accordance with the provisions of special acts of assembly referring to it alone, enacted before the adoption of the constitution of 1874. Even if it be assumed that these statutes do apply to the Allegheny County workhouse yet neither of the statutes confer any authority upon the courts to change a sentence after the expiration of the term, nor do they confer upon the courts jurisdiction to transfer prisoners from the workhouse to the county jail. The only provision contained in the Act of 1895 referring to the transfer of prisoners from the workhouse to the county jail is in the following language: "Provided, that the superintendent (of the workhouse) may, under the direction of the county commissioners or of the court of quarter sessions remove any inmate to the county prison for the unexpired portion of his or her term of commitment or to the poorhouse of the proper city or county,

or to any hospital or lunatic asylum in such county, as circumstances may require.'' The provision of the Act of 1917 is almost identical with that above quoted. In each of these statutes the initiative, in any proceeding for the removal of a prisoner from the workhouse to the county jail, is with the superintendent of the workhouse, and the statutes clearly manifest a legislative intention that such removal should not be made without reason, they are to take place ''as circumstances may require.'' In these cases this appellant never was in the custody of the superintendent of the workhouse. The order for the transfer was made on the same day that the court had ordered him to be committed to the workhouse, and as the learned judge of the court below has declared in his opinion ''we know that he was not,'' and, also, that no request was made by the superintendent of the workhouse for change of the place of imprisonment. We have already affirmed the judgments in these cases and these appeals are without merit.

The appeals are dismissed and the records remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentences or any part thereof which had not been performed at the time the appeals in these cases were made a supersedeas.