# Commonwealth *v.* Jones, Appellant.

*Criminal law—Sentence—Allegheny Workhouse—Act of March 8, 1871, P. L. 184—Failure to advertise contract between Commissioners and Managers of Workhouse—Effect of—Possession of intoxicating liquor—Act of March 27, 1923, P. L. 34.*

One convicted in the Court of Quarter Sessions of Venango County of unlawful possession of intoxicating liquors in violation of the Act of March 27, 1923, P. L. 34, may be sentenced to the Allegheny County Workhouse where a contract has been made between the County Commissioners and the Managers of the Workhouse, pursuant to the Act of March 8, 1871, P. L. 184, although the contract was not advertised as required by that Act.

The provision in the Act of 1871 in regard to advertising is merely directory and not made the essence of the thing to be accomplished. The omission by the County Commissioners to perform this duty did not render void their contract with the managers of the workhouse.

*Constitutional law—Title of acts—Supplemental acts—Acts of March 8, 1871, P. L. 184, and March 23, 1865, P. L. 607.*

The constitutional provision that every bill, except appropriation bills, must contain only one subject which shall be clearly expressed

in the title is met by an Act entitled "A Supplement" to a former Act provided the supplement is germane to the original Act.

The Act of March 8, 1871, P. L. 184, is germane to the Act of March 23, 1865, P. L. 607.

*Statutes—Repeal—Acts of 1871 and July 20, 1917, P. L. 1151.*

While it is doubtful whether the Act of 1871 has been repealed by the "Industrial Farm" Act of July 20, 1917, P. L. 1151, it is obvious that until the latter Act is made operative in any district by completion of the institution therein designed, the power of the court to commit to the workhouse is unaffected.

Argued March 14, 1927. Appeal No. 126, April T., 1927, by defendant from judgment of Q. S. Venango County, November T., 1926, No. 7, in the case of Commonwealth of Pennsylvania v. Richard Jones. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for unlawful possession of intoxicating liquor. Before PARKER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned* was the judgment of the Court.

*Gervaise G. Martin,* and with him *Samuel N. Mogilowitz,* for appellant.

*Daniel B. Goodwin,* District Attorney, for appellee.

OPINION BY TREXLER, J., April 22, 1927:

The defendant was convicted in the Court of Quarter Sessions of Venango County of having in his possession intoxicating liquor in violation of the provisions of the Act of March 27, 1923, P. L. 34, commonly known as the Snyder Act. He was sentenced to pay a fine and undergo imprisonment in the Allegheny County Workhouse for a period of one year. All the ques-

tions involved in the present case arise from the fact that the defendant was sentenced to the above institution instead of the county jail.

The Act of March 23, 1865, P. L. 607, was an act having the title "For the Better Management of the Allegheny County Prison." The Act of February 1, 1866, P. L. 8, was entitled "A Supplement" to said act and established a workhouse in the County of Allegheny. The Act of March 8, 1871, P. L. 184, entitled "A Supplement" to the last above mentioned act provided for the receiving into said institution any person sentenced for more than sixty days for any crime or misdemeanor not punishable by imprisonment in the state penitentiary by any court or magistrate in the counties composing the Western Judicial District of the Supreme Court. The commissioners of any county in said district are given full power "to enter into an agreement with managers of the workhouse to receive any person sentenced as above mentioned from said county" and "whenever such an agreement shall have been made it shall be the duty of the board of commissioners of any county, in behalf of which such agreement shall have been made, to give public notice thereof in some newspaper published within said county for a period not less than four weeks, and such notice shall state the period of time such agreement shall be in force."

1. The first objection to the sentence imposed in this case is that the advertisement was not made as provided by the act. There was no formal proof of this, but the trial judge, upon investigation, satisfied himself that there was an omission to perform this duty by the commissioners, but held that the provision in regard to advertising was merely directory and did not render void the contract entered into. This we think is the correct view. It will be observed that the making of the contract precedes the advertising. There is no suspension of the operation of the contract, nor

any provision for objections being heard by those who wish to oppose it. The advertising gives it no greater validity, nor does the lack of it, impair its effect. The notice, no doubt, was intended to inform the magistrates of the existence of the contract so that they might be guided in the imposition of sentences. The advertisement is not made the essence of the thing to be accomplished, it is a matter of convenience, not of substance: Bladen v. Philadelphia, 60 Pa. 464; Commonwealth v. Zillafrow, 207 Pa. 274; Pittsburgh v. Coursin, 74 Pa. 400; Cusick's Petition, 136 Pa. 459, 470; McQuiston's Adoption, 238 Pa. 304, Erie City v. Willis, 26 Pa. Superior Ct. 459; 34 Cyc. 1157.

2. The amendment of 1864 to the constitution of 1838, which amendment is very similar to the provision referring to the same subject in the constitution of 1874, provides "no bill shall be passed by the Legislature, containing more than one subject, which shall be clearly expressed in the title, except appropriation bills." It is argued that the act to which we have just referred and which provides for the receipt of prisoners from other counties to the Allegheny County Workhouse gives no notice of such purpose in its title. It was held in Craig v. First Presbyterian Church, 88 Pa. 42, that an act entitled "a supplement" to a former act sufficiently meets the above constitutional requirement provided the matter in the supplement is germane to the original act. The act we are considering has been upon the statute books for over fifty years and as far as we can learn, has never been attacked for any such reason. The Supreme Court in Commonwealth v. Zelt, 138 Pa. 615, considered it generally and recognized it as existing law and same may be said of this court in Commonwealth v. Zinkeris, 79 Pa. Superior Ct. 85, and for years many convicts from the western counties of the State have been sentenced to that institution. Were the effect of the supplement to impose new burdens upon the counties or change the well established

course of criminal procedure, we might readily come to
the conclusion that the subject matter of the supple-
ment was not germane to the original act.  The words
"better management of the Allegheny County Prison"
are broad enough to include anything pertaining to the
maintenance and administration of that institution.
The receiving of prisoners from other counties would
seem to be pertinent.  It was common practice, prior
to the enactment of this statute to issue commitments
in certain cases to penitentiaries and institutions out-
side of the county of the court imposing sentence.  The
arrangement provided by the act between the counties
affected no private rights, but was merely for the more
convenient administration of justice and was no depar-
ture from the course of law.  It was for the benefit of
various counties and was not compulsory.  We think,
therefore, there was no violation of the constitutional
provision.

3.  Did the Act of July 20, 1917, P. L. 1151, repeal
the Act of 1871?  The Act of 1917 is an "Industrial
Farm" act.  It divides the state into several districts
placing Venango County in District No. 6 and provides
for the creation of a board in each county which boards
are authorized to select a site for the industrial farm
in the district and when arrangements are complete for
the reception of inmates, the Quarter Sessions of
each county embraced in the district may at its dis-
cretion thereafter sentence convicts to the county jail
or to the industrial farm.  There is no evidence on the
record that there is an industrial farm provided for
the section embracing Venango County and the lower
court in its opinion says there is none.  There is not a
word in the statute referring to the Allegheny County
Workhouse and the position that there being a general
repealing clause, the local act in regard to the Alle-
gheny Workhouse falls, has been questioned by this
court.  In the case of Commonwealth v. Dudick, 88 Pa.
Superior Ct. 87, President Judge Porter states "It

certainly may well be doubted whether the provisions of either of these statutes are applicable to the Allegheny County County Workhouse, which was erected and continues to be conducted in accordance with the provisions of special Acts of Assembly referring to it alone, enacted before the adoption of the constitution of 1874." But whether this be so or not, it is obvious that until the Act of 1917 is made operative in any district by completion of the institution therein designed, the power of the court to commit to the workhouse is unaffected.

4. Can a person convicted under the Act of 1923, P. L. 34 (Snyder Act), be sent to the Allegheny County Workhouse? The defendant under said act, is liable to a sentence of imprisonment. There is nothing inconsistent between this provision and the act we are considering. In Commonwealth v. Zinkeris, 79 Pa. Superior Ct. 85, this court considered the Act of May 5, 1921, known as the Woner Act, which provided for imprisonment in the county jail in connection with the Act of 1871, supra, and held that a sentence to the workhouse was a compliance with said provision. We think the reasoning there employed applies to the present question and renders any further discussion unnecessary.

All the assignments of error are overruled. The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.