## Commonwealth *v.* Camwell, Appellant.

*Allegheny County Workhouse—Contract between County Commissioners and Managers of Workhouse—Effect—Act of March 8, 1871, P. L. 184, March 23, 1865, P. L. 607, and February 1, 1866, P. L. 8.*

The commissioners of any county in the Western District of the Supreme Court are authorized by the Act of March 8, 1871, P. L. 184, to contract with the Managers of the Allegheny County Workhouse for the reception and keeping of prisoners sentenced by any court or magistrate of said county for any period not less than sixty

days. The act further provides that the courts and magistrates of any county having such agreement, in sentencing any person to imprisonment for not less than sixty days for any crime, not punishable with imprisonment in the state penitentiary, may sentence such persons to the Allegheny County Workhouse.

When any county has such contract, the Allegheny County Workhouse thereunder becomes for such county a place of imprisonment in lieu of the county jail.

*Statutes—Repeal—Acts of June 26, 1925, P. L. 374, and March 31, 1860, section 75, P. L. 382.*

The act of June 26, 1895, P. L. 374, amending section 75 of the Act of March 31, 1860, 382, relates solely to the treatment of convicts in county jails and does not repeal by implication the laws which authorize courts and magistrates of counties, within the provisions of the legislation relating to the Allegheny County Workhouse, to sentence to imprisonment in that institution.

Argued October 3, 1927. Appeal No. 8, April T., 1928, by defendant from judgment of Q. S. Beaver County, March T., 1926, No. 99, in the case of Commonwealth of Pennsylvania v. Mary D. Camwell. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for embezzlement in violation of the Act of April 23, 1909, P. L. 169. Before McCONNEL, J.

The facts are stated in the opinion of the Superior Court, and in the opinion of the Superior Court in the case of Commonwealth v. Camwell, 89 Pa. Superior Ct. 339.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the sentence of the court.

*Richard S. Holt,* and with him *D. A. Nelson,* for appellant.

*Forest G. Moorhead,* and with him *J. Blaine McGoun,* District Attorney, and *Moorehead & Marshall,* for appellee.

OPINION BY PORTER, P. J., November 21, 1927:

This is the second appeal in this proceeding. Our decision in the first appeal is reported in 89 Pa. Superior Ct. 339, in which all the assignments of error were overruled except that which referred to the sentence imposed. The Court of Quarter Sessions had sentenced the defendant to imprisonment in the Western Penitentiary, whereas the statute authorized only simple imprisonment. We reversed the judgment for that reason and sent the case back for re-sentence. When the record was returned to the court below that court sentenced the appellant to imprisonment in the Allegheny County Workhouse. The defendant ought, upon her former appeal, to have raised all questions as to alleged errors in rulings of the court which preceded the verdict, but her counsel now attempt to raise, by the assignments of error in the present case, questions which were considered by this court in the former appeal and determined adversely to her contention. Notwithstanding the earnest argument of the learned counsel for the appellant we are not convinced that there was any reversible error during the trial which resulted in the verdict, and in disposing of this appeal we can consider only the regularity of the sentence. It is contended on behalf of the defendant that, as the statute warranted only simple imprisonment, the imprisonment ought to have been in the county jail and that the court was without authority to sentence the defendant to the Allegheny County Workhouse. This is the only question which we are called upon to consider in the present case.

The act of March 23, 1865, P. L. 607, established a workhouse in Allegheny County for the keeping of certain classes of prisoners, which act was amended by the act of February 1, 1866, P. L. 8. These statutes authorize the courts and magistrates of Allegheny County to commit such prisoners to the said workhouse, instead of the county jail. The act of March 8,

1871, P. L. 184, authorized the commissioners of any county, in the Western District of the Supreme Court, to contract with the managers of said workhouse for the reception and keeping of prisoners sentenced by any court or magistrate of said county for any period not less than sixty days, and then provided that, in any county having such an agreement, the courts and magistrates of such county, sentencing any person to imprisonment for not less than sixty days, for any crime not punishable by imprisonment in the State Penitentiary, should have authority to sentence such persons to the Allegheny County Workhouse. When any county has such a contract, said workhouse thereunder becomes, for such county, a place of imprisonment in lieu of the county jail: Com. v. Zelt, 138 Pa. 615. The jurisdiction thus conferred upon the courts and magistrates of counties having a contract with the managers of the Allegheny County Workhouse was precisely similar to that conferred upon the courts and magistrates of Allegheny County. The act of June 26, 1895, P. L. 374, amending section 75 of the act of March 31, 1860, relates solely to the treatment of convicts in county jails and cannot be held to repeal by implication the laws which authorize courts and magistrates of counties, within the provisions of the legislation relating to the Allegheny County Workhouse, to sentence to imprisonment in that institution: Com. v. Barton, 20 Pa. Superior Ct. 447. The sentence in this case was in conformity with law: Com. v. Zinkeris, 79 Pa. Superior Ct. 85; Com. v. Dudick, 88 Pa. Superior Ct. 87; Com. v. Jones, 90 Pa. Superior Ct. 489.

The judgment is affirmed and the record remitted to the court below to the end that the sentence be fully carried into effect.